ROGERS, Judge.
This suit was filed by State Farm Mutual Automobile Insurance Company (hereinafter referred to as State Farm), the collision insurer of Alvin Dupre’s truck, which was damaged to the extent of $969.65 by a horse owned by Leonard Vidrine, a resident of Chicago, Illinois.
The accident took place about 3.6 miles north of Opelousas on U. S. Highway No. 167 when the horse came onto the highway and was hit by a truck driven by Curtis Williams, and then knocked and thrown *423 into the other lane of traffic, and against the vehicle of Alvin Dupre.
State Farm paid the damages to Alvin Dupre and then became subrogated to his rights against the party or parties responsible for the damages.
Plaintiff filed suit on December 10, 1975, against Cyrus Carmon, Magnolia Stevens, Curtis Williams and Arrow Food Distributors, Inc., and Leonard Vidrine, the owner of the horse.
The matter went to trial before Judge Isom J. Guillory, Jr., who found defendant, Leonard Vidrine, liable for the damages.
The issue here is whether or not the long arm statute can be applied for service of process on defendant, Leonard Vidrine, and if so, was it followed by plaintiff. Plaintiff effected service on defendant Vidrine through use of the long arm statute, LSA-R.S. 13:3201.
On February 6, 1976, Leonard Vidrine filed a declinatory exception raising the objection of lack of jurisdiction over the person as provided by LSA-C.C.P. art. 925. On February 20, 1976, the trial of the exceptions was heard. On February 23, 1976, the trial judge rendered Reasons for Judgment, overruling the declinatory exception and the defendant, Leonard Vidrine, was ordered to file responsive pleadings within ten days, which he failed to do.
On September 21, 1976, an affidavit of service as required by LSA-R.S. 13:3204, was filed by plaintiff in the record showing that all the requirements for service under the long arm statute, LSA-R.S. 13:3201, were complied with, and on October 25, 1976, a preliminary default was entered against Leonard Vidrine.
The trial was held on December 1, 1976. Judgment in the amount of $969.65 was rendered against Leonard Vidrine only, as the other defendants were dismissed in the suit.
Leonard Vidrine now appeals.
Defendant Vidrine contends that the trial court had no jurisdiction over his person, citing LSA-C.C.P. Art. 6 [1], and further under LSA-C.C.P. Art. 7[2], he did not make a general appearance which subjected him to the jurisdiction of the court.
We quote defendant Vidrine from his appellate brief:
“According to the Provisions of Article Six (6), jurisdiction must have been based upon service of process upon the appellant since he had not appointed an agent, either in fact or by operation of law, for service of process upon him in this State. Sub-Section Two (2) of Article Six (6) is *424 not applicable nor was it sought to be made applicable since no attorney was appointed for service of process. SubSection Three (3) of Article Six (6) is also not applicable since the appellant did not expressly or impliedly waive his objection to the lack of the Court jurisdiction.”
In reviewing Article 6, we focus our attention on sub-section (1), that part that states: “This jurisdiction must be based upon: (1) The service of process on the defendant . . . .”
The record shows by affidavit of plaintiff’s attorney, that defendant Vidrine was served with the citation issued by the Clerk of Court for St. Landry Parish, together with certified copies of the original and amended petitions. The affidavit further shows that this was done by certified mail and addressed to defendant Vidrine at 1180 East 63rd Street, Chicago, Illinois. The receipt for the certified letter and the return receipt of the mailing were attached to the affidavit, although the signature of the recipient of the mailing was that of one 0. Robinson.
However, plaintiff State Farm appeared to have fulfilled all of the requirements of LSA-R.S. 13:3201[3].
More specifically, sub-section (c) of LSA-R.S. 13:3201 provides that the court may exercise personal jurisdiction over a nonresident where the cause of action arose from the nonresident’s causing injury or damage by an offense or quasi offense committed through an act of omission in this state. The defendant herein fits into the category as defined in sub-section (c) above.
LSA-R.S. 13:3204[4] also says that the necessary papers for service shall be sent to the defendant and that this “. . . service of process, so made has the same legal face and validity as personal service on the defendant in this state.”
Understanding these two statutes and considering that 0. Robinson signed for addressee, Leonard Vidrine, of the citation and petitions, is the receipt by 0. Robinson equivalent to service of process as personal service on defendant Vidrine as contemplated by LSA-R.S. 13:3201 and LSA-R.S. 13:3204?
Plaintiff propounded interrogatories to Cyrus Carmon as to Vidrine’s address. We are satisfied that Cyrus Carmon knew Vid-rine well and the address he gave to plaintiff’s attorney was reliable and accurate.
The envelope containing the citation and petitions was received on January 16, 1976, as shown by the return receipt. A motion for extension of time was filed by defendant Vidrine’s attorney on January 21, 1976, stating: “That counsel has just been consulted and retained. . . .”
We, then, can only conclude that defendant Vidrine did in fact receive the citation and petitions made by certified mail, and service of process, as required by Article 6 of the Louisiana Code of Civil Procedure *425 and by LSA-R.S. 13:3201, and that LSA-R.S. 13:3204, had been consummated.
For the reasons assigned, we affirm the judgment of the trial court granting judgment in favor of State Farm Mutual Insurance Company, and against defendant, Leonard Vidrine. The costs of this appeal are assessed to defendant-appellant.
AFFIRMED.

. Art. 6, Jurisdiction over the person.
Jurisdiction over the person is the legal power and authority of a court to render a personal judgment against a party to an action or proceeding. This jurisdiction must be based upon:
(1) The service of process on the defendant, or on his agent for the service of process;
(2) The service of process on the attorney at law appointed by the court to defend an action or proceeding brought against an absent or incompetent defendant who is domiciled in this state; or
(3) The submission of the party to the exercise of jurisdiction over him personally by the court, or his express or implied waiver of objections thereto.

. Art. 7. Same; implied waiver of objections by general appearance.
Except as otherwise provided in this article, a party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections thereto when, either personally or through counsel, he seeks therein any relief other than:
(1) Entry or removal of the name of an attorney as counsel of record;
(2) Extension of time within which to plead;
(3) Security for costs;
(4) Dissolution of an attachment issued on the ground of the non-residence of the defendant; or
(5) Dismissal of the action on the ground that the court has no jurisdiction over the defendant.
This article does not apply to an incompetent defendant who attempts to appear personally, or to an absent or incompetent defendant who appears through the attorney at law appointed by the court to represent him.
When a defendant files a declinatory exception which includes a prayer for the dismissal of the action on the ground that the court has no jurisdiction over him, the pleading of other objections therein, the filing of the dilatory exception therewith, or the filing of the peremptory exception or an answer therein when required by law, does not constitute a general appearance.

. 3201. Personal jurisdiction over nonresidents.
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident’s
(a) transacting any business in this state;
(b) contracting to supply services or things in this state;
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or
(e)having an interest in, using, or possessing a real right or immovable property in this state. Added Acts 1964, No. 47, ¶ 3.

. 3204. Service of Process.
A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the lhw of the place where the service is made to‘serve the process of any of its courts of general jurisdiction.
Service of process so made has the same legal force and validity as personal service on the defendant in this state. Added Acts 1964, No. 47, ¶ 3.